UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN NORTHROP QUADE, a Natural Person,<br><br>                  Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC; DOES 1–20, inclusive,<br><br>                  Defendants. | Case No.: 24-cv-2120-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Be Relieved as Counsel (the "Motion to Withdraw") (ECF No. 18) filed by John W. Hanson ("Hanson"), counsel of record for Plaintiff Alan Northrop Quade ("Plaintiff").

    As a general matter, "[a]n attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Urias v. Labcorp Peri-Approval & Commercialization Inc.*, No. 23-CV-1815 JLS (MSB), 2023 WL 8845384, at *1 (S.D. Cal. Dec. 21, 2023) (citation omitted); *see also United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); S.D. Cal. Civ. L.R. 83.3(f)(3) (requiring that a notice of motion to withdraw as attorney of record be served on the adverse party and on the moving attorney's client, along with a declaration of service). In evaluating a motion to withdraw, courts consider: (1) the reasons for

withdrawal; (2) the potential prejudice to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citation omitted).

In a declaration attached to the Motion to Withdraw (ECF No. 18-1), Hanson asserts that he was "discharged [by Plaintiff] on June 30, 2025" because he had "completed the required items and [ ] confirmed [his] discharge in writing." (ECF No. 18-1 at 2.) Hanson further represents that the Motion to Withdraw was served on both Plaintiff and Defendant's counsel, in accordance with S.D. Cal. Civ. L.R. 83.3(f)(3)(a). *See id.* Accordingly, Hanson requests the Court relieve him from further representation as counsel for Plaintiff pursuant to Cal. Bus. & Prof. Code § 6104 and grant his Motion to Withdraw. *Id.*

The Court finds that good cause exists to grant the Motion to Withdraw.

IT IS HEREBY ORDERED that the Motion to Withdraw (ECF No. 18) is granted. Hanson is withdrawn as counsel of record for Plaintiff in this action.

IT IS FURTHER ORDERED that, no later than seven (7) days from the entry of this Order, Hanson shall file a certificate of service indicating that he has served Plaintiff with a copy of this Order.

IT IS FURTHER ORDERED that Plaintiff shall have twenty-one (21) days from the date of this Order to retain new counsel, and for such counsel to file a notice of appearance. If no notice of appearance is filed within that time, the Court will deem Plaintiff as proceeding *pro se*. "A party proceeding pro se must keep the Court and opposing parties advised as to current address." S.D. Cal. Civ. L.R. 83.11(b). "Failure to comply [ ] may be ground[s] for dismissal …." S.D. Cal. Civ. L.R. 83.11(a).

Dated: July 15, 2025

Hon. William Q. Hayes
United States District Court